

The following constitutes the order of the Court.
Signed: October 18, 2018

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 18-40522 |
| | Chapter 13 |
| Christopher Jackson, | |
| | **Hearing Held:** |
| Debtor. | Date: October 17, 2018 |
| | Time: 1:30 p.m. |
| | Courtroom: 220 |

**MEMORANDUM ON ORDER GRANTING MOTION TO AMEND ORDER GRANTING RELIEF FROM STAY**

The *Motion to Amend Order Granting Relief from Stay* (the "Motion") (doc. 40) came for hearing on Wednesday, October 17 at 1:30 p.m. Michael St, James appeared for Redwood Property Investors II, LLC. Donald Schwartz appeared telephonically for Christopher Jackson. At the conclusion of the argument, the Court indicated that, for the reasons stated on the record, it would grant the Motion, and the Court expects to enter an order to that effect in due course.

The Court files this Memorandum After Hearing to make explicit, to the parties, and to any court reviewing this matter, a point that was almost certainly implicit in the

1

argument about the Motion: that, whatever the alleged proper purpose of a future bankruptcy filing on behalf of Mr. Jackson may be, and as the Court indicated in its oral ruling, such a purpose is very hard to discern from the record in this case and related cases, it is also true that, in any future case filed by Mr. Jackson, a Bankruptcy Court will be essentially compelled to grant relief from stay to permit the continuation and completion of a state court process related to possession and occupancy of real property. When, prior to the commencement of a bankruptcy case, an owner of real property (or a landlord) has commenced state law proceedings to recover possession of such property against an occupant-debtor, cause generally exists for the Bankruptcy Court to lift the automatic stay to allow that process to conclude. *See in re Hamilton*, 2005 WL 6960211 (B.A.P. 9th Cir. 2005) (noting that relief from automatic stay for property owner to pursue pending prepetition state court unlawful detainer proceeding against debtor was proper). This is true because, at a minimum, the process to adjudicate the right to possession of real property is a uniquely state law process with, as is certainly true in California, a longstanding and well-developed doctrinal and procedural frame-work that the Bankruptcy Court should neither attempt to replicate, nor lightly interfere with. So, in the ordinary course, a bankruptcy court should almost invariably find cause to lift the stay to permit the state court to conclude its proceedings on such questions. *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) (finding the weighing of *Curtis* factors, such as expertise of another tribunal, appropriate when determining whether cause exists to lift the automatic stay). How ejectment may be enforced may be, in a case with an otherwise proper bankruptcy purpose, a different question, on which the bankruptcy court may rule.

Of course, where the record reveals, as it does here, that the debtor, or those closely related to the debtor, have filed numerous bankruptcy cases, each of which have been dismissed because no effort had been made to provide the information necessary to inform the court and creditors of the financial condition of the debtor, a predicate to the reorganization of debtor-creditor relations, or the court supervised liquidation of the debtor's assets, which are the fundamental purposes of the bankruptcy process, or otherwise to prosecute the cases; where the filing of those cases appears to have been timed to cause maximum disruption and delay to a valid state court process; and where the debtor and those related to the debtor have engaged in other transparently dilatory litigation tactics, such as purporting to remove to federal courts state court unlawful detainer actions; and where it is essentially impossible to find a cognizable bankruptcy purpose to the filing of multiple petitions, other than to invoke the automatic stay, or to count on the natural reluctance of state courts to determine, on their own, that no stay came into being, a court has ample cause to find the filings abusive, and to prohibit the debtor from filing additional bankruptcy cases for a reasonable period of time. In re Leavitt, 171 F.3d 1219 (9th Cir. 1999).

But the overarching validity of a decision to bar this debtor from further filings for a reasonable period of time should not obscure the most practical reason for doing so: whether the purpose of filing additional cases would be, as the court suspects, merely to invoke a real or purported bankruptcy stay, or whether that would be merely one benefit to such a filing, it is not a benefit to which this debtor would be entitled with respect to this creditor/adverse party. Stated more directly, lifting the stay to allow the state court unlawful detainer proceedings to conclude was the right answer last April, when this case

was filed; and it would be the right answer should this debtor file another case in a week, or a month, or two months, or any time prior to the conclusion of the state law process. As the Court stated during the hearing on this Motion, the automatic stay is merely a tool to achieve a cognizable bankruptcy purpose, it is not an end in itself. It has proved necessary to bar this debtor from filing additional cases, for a period estimated to permit the state court process to conclude, because a bankruptcy should not interfere with that process, and because the sole purpose of additional bankruptcy filings appears to be to cause such interference.

For these reasons, and the others stated orally by the Court during the hearing on the Motion, the Court GRANTED the Motion.

**\*END OF NOTICE\***

4

Case: 18-40522    Doc# 48    Filed: 10/18/18    Entered: 10/19/18 09:13:44    Page 4 of 5

**COURT SERVICE LIST**